United States District Court
Northern District of Illinois - Eastern Division

| | |
|---|---|
| ERIC BEVERLY, individually, and as Supervised Administrator of the Estate of LASHON BILBRO-BEVERLY, deceased, and as Independent Administrator of the Estate of JORDAN KALEB BILBRO-BEVERLY, deceased,<br>　　　　　　　　　　　　Plaintiff,<br>　　v.<br>THE UNITED STATES OF AMERICA; NORWEGIAN AMERICAN HOSPITAL, INC., an Illinois Corporation; and NICOLE SZEWCZAK;<br>　　　　　　　　　　　　Defendants.<br>And<br><br>THE UNITED STATES OF AMERICA,<br>　　Cross-claim/third Party Plaintiff<br>　　V .<br>NORWEGIAN AMERICAN HOSPITAL, INC., an Illinois Corporation; and NICOLE SZEWCZAK<br>　　　　　　　　　Third Party Defendants | No. 1:12-cv-07234<br><br>Assigned Judge: John R. Blakey |

### Pre-Trial Report

1. **Jurisdiction:**

   This Court has jurisdiction over Plaintiffs' claims against the United States, based upon the **Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) and supplemental jurisdiction** over Plaintiffs' state-law claims against the remaining defendants pursuant to 28 U.S.C. § 1367.

2. **Trial Attorneys**

| **Plaintiffs' Attorneys** | **United States of America** | **Norwegian American Hospital, Nicole Szewczak** |
|---|---|---|
| Kevin G. Burke | Douglas Snodgrass | Marilee Clausing |
| Elizabeth A. Kaveny | Prashant Kolluri | Sabina Babel |
| Brian T. Monico | United States Attorney's Office (NDIL) | Hall Prangle & Schoonveld LLC |
| Burke Wise Morrissey Kaveny LLC | 219 S. Dearborn Street, Suite 500 | 200 S. Wacker Drive, Suite 3300 |
| 161 N. Clark St., Ste. 3250 | Chicago, IL 60604 | Chicago, IL 60606 |
| Chicago IL 60601 | (312) 353-5300 | Phone: (312) 267-6340 |
| Phone: 312-580-2040 | Douglas.snodgrass@usdoj.gov | Fax: (312) 345-9608 |
| Fax: 312-580-2041 | prashant.kolluri@usdoj.gov | mclausing@hpslaw.com |
| KGB@BWMKLaw.com | | sbabel@hpslaw.com |
| EAK@BWMKLaw.com | | |
| BTM@BWMKLaw.com | | |

3. **Case Statement:**

   a. **Plaintiff & Norwegian American Hospital's Proposed Case Statement:**

   The Plaintiff, Eric Beverly, alleges that the defendants, United States of America, by its agent Dr. Ramon Barajas, Norwegian American Hospital, and Nicole Szewczak were negligent in the care provided to Lashon Bilbro-Beverly, resulting in her death at Norwegian American Hospital on February 27, 2010. The Plaintiff also alleges that the negligent care provided to Lashon Bilbro-Beverly caused injury to her unborn child, Jordan Kaleb Bilbro-Beverly, resulting in his death on February 27, 2010.

   The United States, Norwegian American Hospital, and Nicole Szewczak each deny that they were negligent and further deny that they caused Lashon or Jordan Bilbro-Beverly's death. They also deny that Plaintiff suffered injuries to the extent alleged.

   b. **Government's Proposed Case Statement**

   The Plaintiff, Eric Beverly, alleges that the defendants, United States, Norwegian American Hospital, and Nicole Szewczak were negligent in the care provided to Lashon Bilbro-Beverly, resulting in her death at Norwegian American Hospital on February 27, 2010. The Plaintiff also alleges that the negligent care provided to Lashon Bilbro-Beverly caused injury to her unborn child, Jordan Kaleb Bilbro-Beverly, resulting in his death.

   The United States, Norwegian American Hospital, and Nicole Szewczak each deny that they were negligent and further deny that they caused Lashon or Jordan Bilbro-Beverly's death. They also deny that Plaintiff suffered injuries to the extent alleged.

The court will decide the Plaintiff's claim against the United States, and the jury will decide the plaintiff's claim against Norwegian American Hospital and Nicole Szewczak.

Further, the United States asserts that, if it is held liable for plaintiff's damages, it is entitled to contribution from Norwegian American Hospital and Nicole Szewczak. Norwegian American Hospital and Nicole Szewczak deny that the United States is entitled to contribution. The jury will decide the United States' contribution claim against Norwegian American Hospital and Nicole Szewczak.

4. **Trial Length / Number of Jurors**

    a. Plaintiff and Defendant anticipate that the trial will take approximately 14 days.

    b. Plaintiff and Defendant Norwegian American Hospital agree to 12 jurors and 2 alternates.

5. **Stipulations and Uncontested Facts**

    1) The copies of the medical records of Lashon Bilbro and Jordan Bilbro-Beverly from Norwegian American Hospital, their autopsies from Mount Sinai Hospital Medical Center of Chicago, and Lashon Bilbro's medical records from Erie Family Health Center are accurate reproductions of the medical records kept in the regular course of business by those facilities and their admission into evidence is agreed upon by the parties.

    2) The copy of the Delivery Register from Norwegian American Hospital for February 27, 2010, is an accurate reproduction of the Delivery Register kept by Norwegian American Hospital in the regular course of business and its admission into evidence is agreed upon by the parties.

    3) Eric Beverly and Lashon Bilbro-Beverly were married in December 2006.

    4) Dr. Ramon Barajas is a medical doctor who specializes in the practice of obstetrics and gynecology.

    5) Dr. Ramon Barajas was an employee of Erie Family Health Center, Inc. on February 26 and 27, 2010, and he is deemed to be an employee of the United States for this case.

    6) Erie Family Health Center, Inc. was a federally qualified health center.

    7) Nicole Szewczak was an employee of Norwegian American Hospital on February 26 and 27, 2010.

8) Pradeep George was an employee of Norwegian American Hospital on February 27, 2010

9) On February 26, 2010, Dr. Barajas knew that Lashon Bilbro-Beverly was a 40 year old African American woman, who was 32 weeks, 5 days pregnant, a smoker, and had a history of asthma.

10) The medical records indicate that on February 26, 2010, Lashon Bilbro-Beverly presented for a prenatal visit to her obstetrical provider, Dr. Ramon Barajas at Erie Family Health Center, complaining of shortness of breath, a nonstop cough for four days, with fever/chills the day before.

11) Dr. Ramon Barajas' care and treatment of Lashon Bilbro and her fetus on February 27, 2010 at Norwegian American Hospital was provided as an employee of Erie Family Health Center.

12) Lashon Bilbro was a patient on the general medical-surgical floor at Norwegian American Hospital when she was seen by Dr. Barajas on the morning of February 27, 2010.

13) At the time of Lashon Bilbro's admission to Norwegian American Hospital on February 26, 2010, the fetus' gestational age was 32 weeks, 5 days.

14) Jordan Kaleb Bilbro-Beverly was delivered via cesarean section at 32 weeks, 6 days gestational age.

15) Lashon Bilbro was diagnosed with pneumonia at Norwegian American Hospital on February 26, 2010.

16) At the time of her death on February 27, 2010, Lashon Bilbro was 40 years old.

17) On February 27, 2010 at approximately 10:31 p.m. Jordan Kaleb Bilbro-Beverly was delivered via cesarean section.

18) On February 27, 2010 at approximately 10:51 p.m. Jordan Kaleb Bilbro-Beverly was pronounced dead.

19) On February 27, 2010 at approximately 11:03 p.m., Lashon Bilbro-Beverly was pronounced dead

20) Plaintiffs are survived by the following:

| Name | Age on 2/27/2010 | Age Today |
|---|---|---|
| Taylor | 7 | 13 |
| Ashley | 13 | 19 |
| Tatiana | 15 | 21 |
| Ariel | 17 | 23 |

| Tara | 20 | 26 |
|------|----|----|
| Amina | 23 | 29 |
| Eric | 34 | 40 |

6. **Witness Lists**

    a. Plaintiff Witness List – see attached 6a.

    b. Defendant United States' Witness List – see attached 6b.

    c. Defendant Norwegian American Hospital's Witness List – see attached 6c.

7. **Exhibit Lists**

    a. Plaintiff's Exhibits – see attached 7a.

    b. Defendant United States' Witness List – see attached 7b.

    c. Defendant Norwegian American Hospital's Witness List – see attached 7c.

8. **Requested Relief**

    a. **Plaintiff's Requested Relief\***

       i. The reasonable value of the loss of society experienced by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result of Lashon Bilbro-Beverly's death.

       ii. The reasonable value of the loss of society reasonably certain to be experienced in the future by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result of Lashon Bilbro-Beverly's death.

       iii. The reasonable value of the loss of society experienced by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result of Jordan Bilbro-Beverly's death.

       iv. The reasonable value of the loss of society reasonably certain to be experienced in the future by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result of Jordan Bilbro-Beverly's death.

       v. The reasonable value of the grief, sorrow, and mental suffering experienced by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result of Lashon Bilbro-Beverly's death.

    vi. The reasonable value of the grief, sorrow, and mental suffering reasonably certain to be experienced in the future by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result of Lashon Bilbro-Beverly's death.

    vii. The reasonable value of the grief, sorrow and mental suffering experienced by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result of Jordan Bilbro-Beverly's death.

    viii. The reasonable value of the grief, sorrow and mental suffering reasonably certain to be experienced in the future by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result of Jordan Bilbro-Beverly's death.

**\* Plaintiffs do not believe that the pre-trial order for "Requested Relief" requires the Plaintiffs to specifically identify a dollar figure for each itemization of damages. If this is wrong, Plaintiffs will provide the Court with a specific dollar itemization.**

b. **United States' Response to Plaintiff's Requested Relief**

The United States objects that the plaintiffs have refused to itemize damages as required by the court's pretrial order procedures.

c. **United States' Requested Relief**

That the jury apportion liability percentages among Norwegian American Hospital, Nicole Szewczak, and the United States in the event that the court finds the United States liable for plaintiff's damages.

d. **Norwegian American Hospital and Nurse Szewczak's Response to United States' Requested Relief**

Norwegian American Hospital and Nicole Szewczak object to the inclusion of the United States' Requested Relief.

9. **Motions in Limine**

Please see Exhibit 9 – List of All Motions in Limine with Objections by each party.

Each party will file their own Motions in Limine.

**10. Voir Dire Questions**

    a. Plaintiff's Proposed Voir Dire Questions

        1) In this case, one defendant is the United States of American, can you treat the government the same as any other party to this lawsuit?

⇨ Will the government receive any preferential treatment from you?

    b. United States of America Defendant Proposed Voir Dire Questions

        1) Have you or any member of your family ever used a peak flow meter, which is a device that measures how well your lungs are able to expel air?

    c. Norwegian American Hospital's Proposed Voir Dire Questions

        1) Do media accounts of any medical malpractice or any hospital or medical issue start you out feeling like you may lean toward any particular party in this case before you even hear the evidence?

    d. Agreed Upon Questions

        2) Do you, or any member of you family or close friend work within the health care industry
(ie. Nurse, therapist, physician's assistant, medical assistant, or doctor)?

⇨ **If yes** – can you please tell us the name of the person who is employed, your relationship to them, their position/title and where they work

⇨ **If yes** – do you believe this will affect your view in this case?

        3) Did anyone lose a parent under the age of 50?

        4) Did anyone suffer the death of a sibling who was under the age of 10?
⇨ **If yes** – please tell us age, sex, and cause of death

        5) Did anyone lose a baby at birth or a so-called stillbirth?

6) Have you or any member of your family or close friend been hospitalized for community acquired pneumonia?

7) Have your or any member of your family or close friend ever been hospitalized at Norwegian American Hospital or received care at Erie Family Health Center?

8) What is your educational background?

9) What is your highest level of education?

10) What is your current occupation, where are you employed, and what kind of work do you do?

11) Have you had any other jobs or lines of work over the last 10 years?

12) What kind of employment do your parents and/or children do?

13) Do you have any physicians, nurses, or respiratory therapists among your family or close friends? If so, who?

14) Have you, a member of your family or a close friend ever been hospitalized? If so, was that experience positive or negative? Please explain why.

15) Have you or a member of your family or a close friend had a baby die at or around the time of birth? If so, what were the circumstances?

16) Have you, a member of your family or a close friend ever had pneumonia while pregnant? If so, were you hospitalized and what kind of treatment did you receive?

17) Can you set aside any natural sympathy that you may have for the family of Lashon Bilbro-Beverly because of her death and that of her infant and judge this case based solely upon the evidence and law that you hear in this courtroom?

18) Norwegian American Hospital is a corporation. Can you treat a corporate defendant the same as any other party to this lawsuit?

19) Have you or any of your close family members or friends ever worked for the federal government?

20) Have you or any of your close family members or friends ever had a dispute with the federal government or been involved in a lawsuit against the federal government?

21) Have you, your family, or any close friends had any negative experiences with medical care or been involved in a dispute or lawsuit against a healthcare provider regarding medical care? If so, please describe.

22) Do you or a close family member or friend have asthma?

**11. Jury Instructions**

    a. See the parties' proposed jury instructions.

**12. Signatures.**

| **/s/ Brian T. Monico** | **/s/ Douglas Snodgrass** | **/s/ Marilee Clausing** |
|---|---|---|
| Plaintiffs' Attorneys | United States of America | Norwegian American |
| Kevin G. Burke | Douglas Snodgrass | Hospital & Nicole Szewczak, |
| Elizabeth A. Kaveny | Prashant Kolluri | Marilee Clausing |
| Brian T. Monico | United States Attorney's Office | Sabina Babel |
| Burke Wise Morrissey | (NDIL) | Hall Prangle & Schoonveld |
| Kaveny LLC | 219 S. Dearborn Street, Suite 500 | LLC |
| 161 N. Clark St., Ste. 3250 | Chicago, IL 60604 | 200 S. Wacker Drive, Suite 3300 |
| Chicago IL 60601 | (312) 353-5300 | Chicago, IL 60606 |
| Phone: 312-580-2040 | Douglas.snodgrass@usdoj.gov | Phone: (312) 267-6340 |
| Fax: 312-580-2041 | prashant.kolluri@usdoj.gov | Fax: (312) 345-9608 |
| KGB@BWMKLaw.com | | mclausing@hpslaw.com |
| EAK@BWMKLaw.com | | sbabel@hpslaw.com |
| BTM@BWMKLaw.com | | |