UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC BEVERLY, individually, and as Supervised Administrator of the Estate of LASHON BILBRO-BEVERLY, deceased, and as Independent Administrator of the Estate of JORDAN KALEB BILBRO-BEVERLY, deceased,<br>　　　　　　　　　　　　　　　　Plaintiff,<br>　v.<br>THE UNITED STATES OF AMERICA; NORWEGIAN AMERICAN HOSPITAL, INC., an Illinois Corporation; and NICOLE SZEWCZAK;<br>　　　　　　　　　　　　　　　　Defendants.<br>And<br><br>THE UNITED STATES OF AMERICA,<br>　　　　　Cross-claim/third Party Plaintiff<br>　V .<br>NORWEGIAN AMERICAN HOSPITAL, INC., an Illinois Corporation; and NICOLE SZEWCZAK<br>　　　　　　　　　　Third Party Defendants | No. 1:12-cv-07234<br><br>Assigned Judge: John R. Blakey |

**ALL MOTIONS IN LIMINE - 9**

## Plaintiff's Motions in Limine

| # | Plaintiffs' Motion in Limine | United States of America | Norwegian American Hospital |
|---|---|---|---|
| 1 | Bar argument regarding Plaintiff not calling every healthcare provider | Agreed, if stipulated: No party shall reference the failure to call any witness equally available to all parties. | Agreed, if stipulated: No party shall reference the failure to call any witness equally available to all parties. |
| 2 | Bar commentary that Plaintiffs award is non-taxable | Agreed, if stipulated: No party shall reference the fact that any monetary award to the plaintiff is non-taxable. | Agreed, if stipulated: No party shall reference the fact that any monetary award to the plaintiff is non-taxable. |
| 3 | Bar comment that Plaintiff will ask for more money than expected to be awarded | No agreement | Agreed |
| 4 | Bar commentary that Plaintiffs can invest the damages award | Agreed, if stipulated: No party shall mention that the plaintiff can invest any amount awarded as damages. | Agreed, if stipulated: No party shall mention that the plaintiff can invest any amount awarded as damages. |
| 5 | Bar commentary regarding previously dismissed Defendants | Agreed, if stipulated: No party shall mention that the plaintiff previously sued and/or sought damages for the actions of Dr. Box, Dr. Nagaraj or Dr. Roldan | Agreed, if stipulated: No party shall mention that the plaintiff previously sued and/or sought damages for the actions of Dr. Box, Dr. Nagaraj or Dr. Roldan |
| 6 | Bar commentary that adverse verdict would result in hardship or bankruptcy for defendant | Agreed, if stipulated: No party shall argue that an adverse verdict would result in hardship or bankruptcy for that party. | Agreed, if stipulated: No party shall argue that an adverse verdict would result in hardship or bankruptcy for that party. |
| 7 | Bar commentary on financial condition of any party | Agreed, if stipulated: No party shall comment on the financial condition of any party | Agreed, if stipulated: No party shall comment on the financial condition of any party |
| 8 | Bar commentary on collateral source benefits | No Agreement | No Agreement |
| 9 | Bar commentary that a retained expert may have been a defendant in a prior medical malpractice lawsuit | Agreed, if stipulated: No party shall mention that any expert witness might have been a defendant any a prior medical malpractice lawsuit | Agreed, if stipulated: No party shall mention that any expert witness might have been a defendant any a prior medical malpractice lawsuit |
| 10 | Bar defendants from asking leading questions of certain adverse witnesses. | No agreement | No agreement |
| 11 | Admission of Life Tables | No Agreement | Agreed |

| # | Plaintiffs' Motion in Limine | United States of America | Norwegian American Hospital |
|---|---|---|---|
| 12 | Bar reference to unrelated medical conditions | No agreement | No agreement |
| 13 | Bar Defense Respiratory Therapist Expert Earl Fulcher's testimony | Agreed | No agreement |
| 14 | Bar Dr. Nunes' Opinion that it Would be Impossible for Any Doctor to Know when Ms. Bilbro's Fetus Expired or was No Longer Viable. | No agreement | No agreement |
| 15 | Bar reference to Eric Beverly as decedent's boyfriend | Agreed, if stipulated as follows: No party shall argue that Eric Beverly was not actually married to Lashon Bilbro-Beverly. | No Agreement |
| 16 | Bar reference or argument related to an argument between Eric and Lashon | No agreement | No Agreement |
| 17 | Any verdict would be paid by taxpayers | Agreed, if stipulated: No party shall reference the fact that the United States taxpayers will pay any adverse verdict against the United States | Agreed, if stipulated: No party shall reference the fact that the United States taxpayers will pay any adverse verdict against the United States |

## United States Defendant's Motions in Limine

| # | US Motion in Limine | US Proposed Stipulation | Plaintiff Objection | Hospital Objection |
|---|---|---|---|---|
| 1 | Exclude expert opinions not disclosed in Rule 26(a)(2) disclosures. | No expert witness shall testify on direct examination about opinions not disclosed in his or her Rule 26(a)(2) expert report. | Objection | No Agreement |
| 2 | Exclude evidence or argument that Dr. Barajas violated the standard of care by admitting or keeping Ms. Bilbro on a general medical floor before 8:00 p.m. on 2/27. | No party shall elicit testimony or make any argument that Dr. Barajas violated the standard of care by admitting or keeping Ms. Bilbro on a general medical floor before 8:00 p.m. on February 27, 2010. | Agreed | Agreed |
| 3 | Exclude evidence or argument that Dr. Box violated the standard of care. | No party shall elicit testimony or make any argument that Dr. Box violated the standard of care. | Agreed | Agreed |
| 4 | Exclude evidence and damages relating to Lashon's alleged conscious pain and suffering. | No party shall elicit testimony or make any argument relating to Lashon's alleged conscious pain and suffering. | Agreed | Agreed |
| 5 | Exclude evidence and damages relating to Jordan's alleged conscious pain and suffering. | No party shall elicit testimony or make any argument relating to Jordan's alleged conscious pain and suffering. | Agreed | Agreed |
| 6 | Requesting court instruction to jury that Dr. Duboe failed to comply with the disclosure requirements of the Federal Rules of Civil Procedure. | The court should instruct the jury that the hospital defendants have never provided the United States with a complete list of Dr. Duboe's testimony for the previous four years, which they were required to do, and the undisclosed testimony may have included statements or opinions that contradict the statements and opinions that Dr. Duboe has offered in this case. | No Objection | No Agreement |
| 7 | Exceed the scope of the direct on cross-examination | For fact witnesses, the parties may, on cross-examination, exceed the scope of | Agreed | Agreed: So long as any such questions that exceed the scope |

| # | US Motion in Limine | US Proposed Stipulation | Plaintiff Objection | Hospital Objection |
|---|---|---|---|---|
| | | the witness's testimony on direct examination so that the witness will not need to be called to the stand multiple times. | | would be asked as if on direct examination, unless the court finds the witness to be an adverse party, hostile witness or witness identified with an adverse party. |

## Hospital Defendants' Motions in Limine

| # | Hospital's Motion in Limine | Plaintiff's Objections | U.S. Objection |
|---|---|---|---|
| 1 | Bar Non Party Witnesses from Courtroom during trial until after they have testified. | Agreed | Agreed |
| 2 | Bar Reference to Motions *in Limine* | Agreed | Agreed, if stipulated as follows: No reference shall be made at trial to the substance of the court's ruling on any motion in limine. |
| 3 | Bar Reference to a Failure to Call Witness Equally Available to all Parties | Agreed | Agreed, if stipulated as follows: No party shall reference the failure to call any witness equally available to all parties. |
| 4 | Bar Reference to Other Lawsuits - The parties shall not refer to any other lawsuit, except for cases to be presented to the court with regard to the amount of damages. | Agreed | Agreed |
| 5 | Bar Reference to Liability Insurance | Agreed | No agreement – unnecessary. Both U.S. and hospital denied the existence of any insurance in their initial disclosures. |
| 6 | Bar Reference to Relative Size of Law Firms | Agreed | Agreed, if stipulated as follows: No party shall refer to the size of their own or another party's law firm or governmental agency. |
| 7 | Bar Use of Medical Literature as Substantive Evidence | Objection | No agreement |
| 8 | Bar Use of Post-2010 Medical Literature to Establish Standard of Care | Agreed | No agreement |
| 9 | Bar Non-Expert Medical Testimony | Objection | No agreement |
| 10 | Bar Improper Damages Testimony/Argument | Objection | No agreement |

| # | Hospital's Motion in Limine | Plaintiff's Objections | U.S. Objection |
|---|---|---|---|
| 11 | Bar Testimony of Expert Witnesses' Personal Practice to Establish Standard of Care | Agreed | No Agreement |
| 12 | Bar Expert Testimony as to Credibility of Witnesses | Agreed | No agreement |
| 13 | Bar Nurses and Respiratory Therapists from Offering Medical Causation Opinions | Agreed | No agreement |
| 14 | Bar any Evidence that Nonperformance of the NST was a Deviation from the Standard of Care by Norwegian American Hospital | Agreed | No agreement |
| 15 | Bar Opinions of Experts Regarding Deviations of the Standard of Care that are Not Causally Connected to Injury | Objection | No agreement |
| 16 | Bar Martin, Nunes, and Zabala from Testifying in Plaintiffs Case against Norwegian American Hospital and Nicole Szewczak | Agreed | No Agreement |
| 17 | Bar Dr. Barajas from Offering Testimony that he Complied with the Standard of Care | Agreed | No agreement |