Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**PLAINTIFF'S INSTRUCTION № 1. -**
Federal Jury Instructions of the Seventh Circuit 1.01

| | |
|---|---|
| Agreed | **X** |
| Given | ____ |
| Given as Modified | ____ |
| Refused | ____ |
| Withdrawn | ____ |

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**PLAINTIFF'S INSTRUCTION № 2. -**
Federal Jury Instructions of the Seventh Circuit 1.02

|                    |        |
|-------------------:|:-------|
| Agreed             | **X**  |
| Given              | _____  |
| Given as Modified  | _____  |
| Refused            | _____  |
| Withdrawn          | _____  |

In this case, some of the defendants are corporations or government entities. All parties are equal before the law. A corporation or the United States government are entitled to the same fair consideration that you would give any individual person.

**United States of America Objects & Proposes:**

In this case, one of the defendants is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

**PLAINTIFF'S INSTRUCTION № 3. -**
Federal Jury Instructions of the Seventh Circuit 1.03

| | |
|---:|:---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

## **Evidence**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.

A stipulation is an agreement between all parties that certain facts are true.

**PLAINTIFF'S INSTRUCTION № 4. -**
Federal Jury Instructions of the Seventh Circuit 1.04

|                   |         |
|-------------------|---------|
| Agreed            | **X**   |
| Given             | _____   |
| Given as Modified | _____   |
| Refused           | _____   |
| Withdrawn         | _____   |

During the trial, certain testimony was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witness appeared and testified here in Court.

**PLAINTIFF'S INSTRUCTION № 5. -**
Federal Jury Instructions of the Seventh Circuit 1.05

|                    |       |
|-------------------:|:-----:|
| Agreed             | **X** |
| Given              | _____ |
| Given as Modified  | _____ |
| Refused            | _____ |
| Withdrawn          | _____ |

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a questions is improper. You should not be influenced by any objection and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**PLAINTIFF'S INSTRUCTION № 6. -**
Federal Jury Instructions of the Seventh Circuit 1.06

|                    |        |
|-------------------:|:------:|
| Agreed             | **X**  |
| Given              | _____  |
| Given as Modified  | _____  |
| Refused            | _____  |
| Withdrawn          | _____  |

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than recollections or impressions of each juror about the testimony

**PLAINTIFF'S INSTRUCTION № 7. -**
Federal Jury Instructions of the Seventh Circuit 1.07

|  |  |
|---|---|
| Agreed | **X** |
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**PLAINTIFF'S INSTRUCTION № 8. -**
Federal Jury Instructions of the Seventh Circuit 1.08

| | |
|---|---|
| Agreed | **X** |
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

You will recall that during the course of this trial, I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**PLAINTIFF'S INSTRUCTION № 9. -**
Federal Jury Instructions of the Seventh Circuit 1.09

|                    |          |                 |
|-------------------:|:--------:|:----------------|
| Agreed             | **X**    | **If necessary**|
| Given              | _____    |                 |
| Given as Modified  | _____    |                 |
| Refused            | _____    |                 |
| Withdrawn          | _____    |                 |

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**PLAINTIFF'S INSTRUCTION № 10. -**
Federal Jury Instructions of the Seventh Circuit 1.11

|  |  |
|---|---|
| Agreed | **X** |
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**PLAINTIFF'S INSTRUCTION № 11. -**
Federal Jury Instructions of the Seventh Circuit 1.12

| | |
|---|---|
| Agreed | **X** |
| Given | |
| Given as Modified | |
| Refused | |
| Withdrawn | |

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You must also decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

**PLAINTIFF'S INSTRUCTION № 12. -**
Federal Jury Instructions of the Seventh Circuit 1.13

| | |
|---:|:---:|
| Agreed | **X** |
| Given | ____ |
| Given as Modified | ____ |
| Refused | ____ |
| Withdrawn | ____ |

You may consider statements given by a party or by a witness under oath before trial as evidence of the truth of what was said in the earlier statements, as well as in deciding what weight to give the testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether the testimony here in court was true or what weight to give to the testimony here in court.

**PLAINTIFF'S INSTRUCTION № 13. -**
Federal Jury Instructions of the Seventh Circuit 1.14

| | | |
|---:|:---:|:---|
| Agreed | **X** | **If necessary** |
| Given | _____ | |
| Given as Modified | _____ | |
| Refused | _____ | |
| Withdrawn | _____ | |

It is proper for a lawyer to meet with any witness in preparation for trial.

**PLAINTIFF'S INSTRUCTION № 14. -**
Federal Jury Instructions of the Seventh Circuit 1.13

| | |
|---:|:---|
| Agreed | **X** |
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**PLAINTIFF'S INSTRUCTION № 15. -**
Federal Jury Instructions of the Seventh Circuit 1.17

| | |
|---|---|
| Agreed | **X** |
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**PLAINTIFF'S INSTRUCTION № 16. -**
Federal Jury Instructions of the Seventh Circuit 1.18

| | |
|---|---|
| Agreed | **X** |
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of other witnesses. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**PLAINTIFF'S INSTRUCTION № 17. -**
Federal Jury Instructions of the Seventh Circuit 1.21

| | |
|---|---|
| Agreed | **X** |
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

Certain anatomical renderings and compilations of evidence have been shown to you.

Those documents are used for convenience and to help explain the facts of the case. They are

not themselves evidence or proof of any facts.

**PLAINTIFF'S INSTRUCTION № 18. -**
Federal Jury Instructions of the Seventh Circuit 1.24

| | |
|---|---|
| Agreed | **X** |
| Given | ____ |
| Given as Modified | ____ |
| Refused | ____ |
| Withdrawn | ____ |

You must give separate consideration to each claim and each party in this case. Although there are three defendants, it does not follow that if one is liable, the others are also liable.

**Plaintiffs Object:**

Does not accurately reflect the law. If Nurse Szewczak is liable so is Defendant Norwegian American Hospital – See IPI 50.01 – Nicole Szewczak

**United States' INSTRUCTION № 1 -**
Federal Jury Instructions of the Seventh Circuit 1.25

Given        _____
Given as Modified        _____
Refused        _____
Withdrawn        _____

The jury will render a verdict on the plaintiff's claims against the defendants Norwegian American Hospital and Nicole Szewczak.

The judge will render a judgment on plaintiff's claims against the defendant United States of America.

The jury will render a judgment on third-party plaintiff United States of America's contribution claim against Norwegian American Hospital and Nicole Szewczak.

## Plaintiffs Object:

Does not accurately reflect the law.

## Hospital Defendant Objects

**United States' Instruction № 2 -**
Instruction given in *Irma v. Mt. Sinai Hosp.*, No. 00 C 2907 (N.D. Ill.), Dkt. 115, p. 15.

|  |  |
|---:|:---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, of, if he or she is unwilling to do so, by some other juror.  The writing should be given to the marshal, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**PLAINTIFF'S INSTRUCTION № 19. -**
Federal Jury Instructions of the Seventh Circuit 1.33

| | |
|---:|:---|
| Agreed | **X** |
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgement of each juror. You are impartial judges of the facts.

**PLAINTIFF'S INSTRUCTION № 20. -**
Federal Jury Instructions of the Seventh Circuit 1.34

| | |
|---:|:---|
| Agreed | **X** |
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

More than one person may be to blame for causing an injury. If you decide that a defendant was negligent and that his, her, or its negligence was a proximate cause of injury to the plaintiff, it is not a defense that some third person who is not a party to the suit may also have been to blame.

However, if you decide that the sole proximate cause of injury to the plaintiff was the conduct of some person other any particular defendant, then your verdict should be for that defendant.

**Plaintiffs Object:**

No evidence of sole proximate cause – proper instruction would be IPI 41.03

**United States' Instruction № 3 -**
IPI 12.04 – modified

| | |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiffs' injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

**PLAINTIFF'S INSTRUCTION № 21. -**
IPI 15.01

|  |  |
|---:|:---:|
| Agreed | **X** |
| Given | ____ |
| Given as Modified | ____ |
| Refused | ____ |
| Withdrawn | ____ |

The plaintiff Eric Beverly as Supervised Administrator of the Estate of Lashon Bilbro-Beverly claims that she was injured and sustained damage, and that the **defendant United States of America by its agent Dr. Ramon Barajas** was negligent in one or more of the following respects:

1) Failed to monitor the patient's condition.

2) Failed to immediately come examine Lashon Bilbro-Beverly when informed of her condition, or to arrange for another physician to immediately examine her; or

3) Failed to recognize that Lashon Bilbro-Beverly was at high risk of further respiratory compromise and needed to be transferred to the ICU; or

4) Failed to place Ms. Bilbro, or instruct others to place her, in the left lateral position after the Code Blue was initiated; or

5) Failed to perform a caesarean section within five minutes of the Code Blue being initiated.

The plaintiff further claims that one or more of the foregoing was a proximate cause of her injuries.

The defendant he was negligent, and denies any claimed act or omission on the part of the defendant was a proximate cause of the plaintiff's claimed injuries.

The plaintiff Eric Beverly as Supervised Administrator of the Estate of Lashon Bilbro-Beverly claims that she was injured and sustained damage, and that the defendant **Nurse Nicole Szweczak** was negligent in one or more of the following respects:

1) Failed to appreciate the severity of Lashon's respiratory distress and the proper response to her clinical situation, or

2) Failed to communicate her concerns and the worsening status of Lashon Bilbro-Beverly to Dr. Barajas, or

3) Failed to insure that Dr. Barajas, or another qualified physician, would urgently come and evaluate the patient, or

4)  Left the patient unattended and unobserved to make a phone call, or

5)  Failed to initiate the Rapid Response team in a timely manner, or

6)  Failed to recognize cardiopulmonary arrest and to initiate proper resuscitation.

The plaintiff further claims that one or more of the foregoing was a proximate cause of her injuries.

The defendant denies she was negligent, and denies any claimed act or omission on the part of the defendant was a proximate cause of the plaintiff's claimed injuries.

The plaintiff Eric Beverly as Supervised Administrator of the Estate of Lashon Bilbro-Beverly claims that she was injured and sustained damage, and that the defendant Norwegian American Hospital by its agent **Respiratory Therapist Pradeep George** was negligent in one or more of the following respects:

1)  Failed to notify any other health care provider of the patient's inability to perform a peak flow measurement, or

2)  Failed to recommend the initiation of noninvasive ventilation modalities.

The plaintiff further claims that one or more of the foregoing was a proximate cause of her injuries.

The defendant denies that he was negligent, and denies any claimed act or omission on the part of the defendants was a proximate cause of the plaintiff's claimed injuries.


**UNITED STATES OBJECTS**

**PLAINTIFF'S INSTRUCTION № 22. -**
IPI 20.01 – Modified - Lashon Bilbro-Beverly

| | |
|---:|---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

The plaintiff Eric Beverly as Supervised Administrator of the Estate of Lashon Bilbro-Beverly and Supervised Administrator of the Estate of Jordan Bilbro-Beverly claims that she was injured and sustained damage, and that the defendant **Nurse Nicole Szweczak** was negligent in one or more of the following respects:

1) Failed to appreciate the severity of Lashon's respiratory distress and the proper response to her clinical situation, or

2) Failed to communicate her concerns and the worsening status of Lashon Bilbro-Beverly to Dr. Barajas, or

3) Failed to insure that Dr. Barajas, or another qualified physician, would urgently come and evaluate the patient, or

4) Left the patient unattended and unobserved to make a phone call, or

5) Failed to initiate the Rapid Response team in a timely manner, or

6) Failed to recognize cardiopulmonary arrest and to initiate proper resuscitation.

The plaintiff further claims that one or more of the foregoing was a proximate cause of her injuries.

The defendant denies she was negligent, and denies any claimed act or omission on the part of the defendant was a proximate cause of the plaintiff's claimed injuries.

The plaintiff Eric Beverly as Supervised Administrator of the Estate of Lashon Bilbro-Beverly and Supervised Administrator of the Estate of Jordan Bilbro-Beverly claims that she was injured and sustained damage, and that the defendant Norwegian American Hospital by its agent **Respiratory Therapist Pradeep George** was negligent in one or more of the following respects:

1) Failed to notify any other health care provider of the patient's inability to perform a peak flow measurement, or

2) Failed to recommend the initiation of noninvasive ventilation modalities.

The plaintiff further claims that one or more of the foregoing was a proximate cause of her injuries.

The defendant denies that he was negligent, and denies any claimed act or omission on the part of the defendants was a proximate cause of the plaintiff's claimed injuries.

**United States' Instruction № 4 -**
IPI 20.01 – Modified - Lashon Bilbro-Beverly

| | |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

The plaintiff Eric Beverly as Supervised Administrator of the Estate of Jordan Bilbro-Beverly claims that he was injured and sustained damage, and that the **defendant United States of America by its agent Dr. Ramon Barajas** was negligent in one or more of the following respects:

1) Failed to monitor the patient's condition.

2) Failed to immediately come examine Ms. Bilbro when informed of her condition, or to arrange for another physician to immediately examine her; or

3) Failed to recognize that Ms. Bilbro was at high of further respiratory compromise and needed transfer to the ICU; or

4) Failed to place Ms. Bilbro, or instruct others to place her, in the left lateral position after the Code Blue was initiated; or

5) Failed to perform a caesarean section within five minutes of the Code Blue being initiated.

The plaintiff further claims that one or more of the foregoing was a proximate cause of her injuries.

The defendant denies he was negligent, and denies any claimed act or omission on the part of the defendant was a proximate cause of the plaintiff's claimed injuries.

The plaintiff Eric Beverly as Supervised Administrator of the Estate of Lashon Bilbro-Beverly claims that she was injured and sustained damage, and that the defendant **Nurse Nicole Szweczak** was negligent in one or more of the following respects:

1) Failed to appreciate the severity of Lashon's respiratory distress and the proper response to her clinical situation, or

2) Failed to communicate her concerns and the worsening status of Lashon Bilbro-Beverly to Dr. Barajas, or

3) Failed to insure that Dr. Barajas, or another qualified physician, would urgently come and evaluate the patient, or

4)  Left the patient unattended and unobserved to make a phone call, or

5)  Failed to initiate the Rapid Response team in a timely manner, or

6)  Failed to recognize cardiopulmonary arrest and to initiate proper resuscitation.

The plaintiff further claims that one or more of the foregoing was a proximate cause of her injuries.

The defendant denies she was negligent, and denies any claimed act or omission on the part of the defendant was a proximate cause of the plaintiff's claimed injuries.

The plaintiff Eric Beverly as Supervised Administrator of the Estate of Lashon Bilbro-Beverly claims that she was injured and sustained damage, and that the defendant Norwegian American Hospital by its agent **Respiratory Therapist Pradeep George** was negligent in one or more of the following respects:

1)  Failed to notify any other health care provider of the patient's inability to perform a peak flow measurement, or

2)  Failed to recommend the initiation of noninvasive ventilation modalities.

The plaintiff further claims that one or more of the foregoing was a proximate cause of her injuries.

The defendant denies that he was negligent, and denies any claimed act or omission on the part of the defendants was a proximate cause of the plaintiff's claimed injuries.


**UNITED STATES OBJECTS**

**PLAINTIFF'S INSTRUCTION № 23. -**
IPI 20.01 – modified - Jordan Bilbro-Beverly

Given    _____
Given as Modified    _____
Refused    _____
Withdrawn    _____

When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which that party has the burden of proof is more probably true than not true.

**PLAINTIFF'S INSTRUCTION № 24. -**
IPI 21.01

|  |  |
|---:|:---:|
| Agreed | **X** |
| Given | ____ |
| Given as Modified | ____ |
| Refused | ____ |
| Withdrawn | ____ |

The plaintiff has the burden of proving that each of the following propositions as to each defendant:

First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent.

Second, that the plaintiff was injured.

Third, that the negligence of the defendant was a proximate cause of the injury to the plaintiff.

You are to consider these proposition as to each defendant separately.

If you find from your consideration of all the evidence that all of your propositions have been proved as to any one or more of the defendants then your verdict should be for the plaintiff. On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for that defendant.

**United States Defendant Objects – see US Instruction #5**

**PLAINTIFF'S INSTRUCTION № 25. -**
IPI 21.02 & B21.02.01 - Modified

|  |  |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

The plaintiff has the burden of proving that each of the following propositions as to each defendant:

First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent.

Second, that the plaintiff was injured.

Third, that the negligence of the defendant was a proximate cause of the injury to the plaintiff.

You are to consider these propositions as to each defendant separately.

If you find from your consideration of all the evidence that any of these propositions has not been proved as to any one or more of the defendants, then your verdict shall be for those defendants. On the other hand, if you find from your consideration of all of the evidence that all of these propositions have been proved as to any one or more defendants, then your verdict should be for the plaintiff and against those defendants.

**United States' Instruction № 5 -**
IPI B21.02.01

|                    |       |
| ------------------ | ----- |
| Given              | _____ |
| Given as Modified  | _____ |
| Refused            | _____ |
| Withdrawn          | _____ |

An Obstetrician must possess and use the knowledge, skill, and care ordinarily used by a reasonably careful obstetrician.

The failure to do something that a reasonably careful obstetrician would do, or the doing of something that a reasonably careful obstetrician would not do, under circumstances similar to those shown by the evidence, is "professional negligence".

The phrase "deviation from the standard of care" means the same thing as "professional negligence".

The law does not say how a reasonably careful Obstetrician would act under these circumstances. That is for you to decide. In reaching your decision, you must rely upon opinion testimony from qualified witnesses and evidence of professional standards, policies, or procedures and other sources. You must not attempt to determine how a reasonably careful doctor would act from any personal knowledge you may have.

**PLAINTIFF'S INSTRUCTION № 26. -**
IPI 105.01 – Obstetrician

|  |  |
|---:|:---:|
| Agreed | **X** |
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

A nurse must possess and use the knowledge, skill, and care ordinarily used by a reasonably careful nurse.

The failure to do something that a reasonably careful nurse would do, or the doing of something that a reasonably careful nurse would not do, under circumstances similar to those shown by the evidence, is "professional negligence".

The phrase "deviation from the standard of care" means the same thing as "professional negligence".

The law does not say how a reasonably careful nurse would act under these circumstances. That is for you to decide. In reaching your decision, you must rely upon opinion testimony from qualified witnesses and evidence of professional standards, policies, or procedures and other sources.  You must not attempt to determine how a reasonably careful nurse would act from any personal knowledge you may have.

**PLAINTIFF'S INSTRUCTION № 27. -**
IPI 105.01- Nurse

| | |
|---:|:---|
| Agreed | **X** |
| Given | ____ |
| Given as Modified | ____ |
| Refused | ____ |
| Withdrawn | ____ |

A respiratory therapist must possess and use the knowledge, skill, and care ordinarily used by a reasonably careful respiratory therapist.

The failure to do something that a reasonably careful respiratory therapist would do, or the doing of something that a reasonably careful respiratory therapist would not do, under circumstances similar to those shown by the evidence, is "professional negligence".

The phrase "deviation from the standard of care" means the same thing as "professional negligence".

The law does not say how a reasonably careful respiratory therapist would act under these circumstances. That is for you to decide. In reaching your decision, you must rely upon opinion testimony from qualified witnesses and evidence of professional standards, policies, or procedures and other sources. You must not attempt to determine how a reasonably careful respiratory therapist would act from any personal knowledge you may have.

**PLAINTIFF'S INSTRUCTION № 28. -**
IPI 105.01 – Respiratory Therapist

| | |
|---:|:---:|
| Agreed | **X** |
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

If you decide for plaintiff Eric Beverly as Supervised Administrator of the Estate of **Lashon Bilbro-Beverly** on the question of liability, you must then fix the amount of money which will be reasonably and fairly compensate Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh and Taylor Beverly for pecuniary loss proved by the evidence to have resulted to the widower and/or lineal next of kin of the decedent. "Pecuniary loss" may include loss of benefits, goods, services and society.

Where a decedent leaves a husband and children, the law recognizes a presumption that the husband and children have sustained substantial pecuniary loss by reason of death. The weight to be given this presumption is for you to decide from the evidence in this case.

In determining pecuniary loss, you may consider what the evidence shows concerning the following:

1. What benefits the decedent customarily contributed in the past;

2. What benefits the decedent was likely to have contributed in the future;

3. What instruction, moral training, and superintendence of education the decedent might reasonably have been expected to give her children had she lived;

4. Her age;

5. The grief, sorrow, and mental suffering of her husband and children; and

6. The relationship that existed between Eric Beverly and Lashon Beverly.

## United States Objects – See US Instruction #6

**PLAINTIFF'S INSTRUCTION № 29. -**
IPI 31.04 - Lashon

| | |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

If you decide for plaintiff Eric Beverly as Supervised Administrator of the Estate of Lashon Bilbro-Beverly on the question of liability, you must then fix the amount of money which will be reasonably and fairly compensate Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh and Taylor Beverly for pecuniary loss proved by the evidence to have resulted to the widower and/or lineal next of kin of the decedent. "Pecuniary loss" may include loss of benefits, goods, services and society.

Where a decedent leaves a husband and children, the law recognizes a presumption that the husband and children have sustained substantial pecuniary loss by reason of death. The weight to be given this presumption is for you to decide from the evidence in this case.

In determining pecuniary loss, you may consider what the evidence shows concerning the following:

1.    What benefits the decedent customarily contributed in the past;

2.    What benefits the decedent was likely to have contributed in the future

3.    Her personal expenses (and other deductions);

4.    What instruction, moral training, and superintendence of education the decedent might reasonably have been expected to give her children had she lived

5.    Her age;

6.    Her health;

7.    The grief, sorrow, and mental suffering of her husband and children; and

8.    The relationship that existed between Eric Beverly and Lashon Beverly.

UNITED STATES' INSTRUCTION № 6-
IPI 31.04 - Lashon

| | |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

If you decide for the plaintiff Eric Beverly as Supervised Administrator of the Estate of **Jordan Bilbro-Beverly** on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate the father and siblings of the decedent for the pecuniary loss proved by the evidence to have resulted to the father and siblings from the death of the decedent, Jordan Bilbro-Beverly.

"Pecuniary loss may include loss of money, benefits, goods, services and society.

Where a decedent leaves a parent, the law recognizes a presumption that the parent has sustained some substantial pecuniary loss by reason of the loss of the child's society. The weight to be given this presumption is for you to decide from the evidence in this case.

There is no presumption of pecuniary loss to s sibling of the decedent.

In determining pecuniary loss, you may consider what the evidence shows concerning the following:

1. His age,

2. The grief, sorrow and mental suffering of Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh and Taylor Beverly.

3. The relationship between Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh and Taylor Beverly and Jordan Bilbro-Beverly.

## United States Objects – See US instruction 7

**PLAINTIFF'S INSTRUCTION № 30. -**
IPI 31.03 (a) - Jordan

|                  |       |
|------------------|-------|
| Given            | _____ |
| Given as Modified| _____ |
| Refused          | _____ |
| Withdrawn        | _____ |

If you decide for the plaintiff Eric Beverly as Supervised Administrator of the Estate of Jordan Bilbro-Beverly on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate the father and siblings of the decedent for the pecuniary loss proved by the evidence to have resulted to the father and siblings from the death of the decedent, Jordan Bilbro-Beverly.

"Pecuniary loss may include loss of benefits, goods, services and society.

Where a decedent leaves a parent, the law recognizes a presumption that the parent has sustained some substantial pecuniary loss by reason of the loss of the child's society. The weight to be given this presumption is for you to decide from the evidence in this case.

There is no presumption of pecuniary loss to a sibling of the decedent.

In determining pecuniary loss, you may consider what the evidence shows concerning the following:

1. What the relationship between the decedent and his siblings would have been.

2. The grief, sorrow and mental suffering of Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh and Taylor Beverly.

Pecuniary loss must be reduced by the expenditures that you find the father would have been likely to incur for the child had the child lived.

**Plaintiff Objects – Pecuniary Loss deduction only included where seeking Money damages in line 2.**
**United State's Instruction No. 7**
IPI 31.03 (a) - Jordan

| | |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

The plaintiff, Eric Beverly, brings this action in a representative capacity by reason of his being administrator of the estate of Lashon Bilbro-Beverly, deceased and administrator of the estate of Jordan Bilbro-Beverly, deceased. He represents Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh and Taylor Beverly, the widower/father, and next of kin of the deceased. They are the real parties in interest in this lawsuit, and in that sense are the real plaintiffs whose damages you are to determine if you decide for the administrator of the estate of Lashon Bilbro-Beverly and administrator of the estate of Jordan Bilbro-Beverly.

**PLAINTIFF'S INSTRUCTION № 31. -**
IPI 31.09

|                    |        |
|-------------------:|:------:|
| Agreed             | **X**  |
| Given              | ____   |
| Given as Modified  | ____   |
| Refused            | ____   |
| Withdrawn          | ____   |

When I use the term "society" in these instructions, I mean the mutual benefits that each family member receives form the other's continued existence, including love, affection, care, attention, companionship, comfort, guidance and protection.

**PLAINTIFF'S INSTRUCTION № 32. -**
IPI 31.11

Agreed **X**
Given _____
Given as Modified _____
Refused _____
Withdrawn _____

If you find for the plaintiff Eric Beverly as Supervised Administrator of the Estate of **Lashon Bilbro-Beverly**, then in assessing damages you may consider how long Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh and Taylor Beverly will be likely to sustain pecuniary losses as a result of Lashon's death, considering how long Lashon was likely to have lived.

According to a table of mortality in evidence, the life expectancy of a female person aged 40 years is 41.9 years. These figures are not conclusive. They are the average life expectancies of persons who have reached that age. They may be considered by you in connection with other evidence relating to the probable life expectancy of the decedent and her widower and her next of kin including evidence of the decedent's occupation, health, habits and activities, bearing in mind that some persons live longer and some persons live less than the average.

**PLAINTIFF'S INSTRUCTION № 33. -**
IPI 31.13 – Lashon DOB: 12/3/1969

|  |  |
|---|---|
| Agreed | **X** |
| Given | ____ |
| Given as Modified | ____ |
| Refused | ____ |
| Withdrawn | ____ |

If you find for the plaintiff Eric Beverly as Supervised Administrator of the Estate of

**Jordan Bilbro-Beverly**, then in assessing damages you may consider how long Eric Beverly,

Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh and Taylor

Beverly will be likely to sustain pecuniary losses as a result of Jordan's death, considering how

long they were likely to have lived.

According to a table of mortality in evidence, the life expectancy of Jordan's next of kin

are as follows:

Father Eric Beverly male aged 40 years is 37.8 more years
Sister Amina Martin female aged 29 years is 52.4 more years
Sister Tara Martin female aged 26 years is 55.4 more years.
Sister Ariel Patterson female aged 23 years is 58.3 more years.
Sister Tatianna Paterson female aged 21 years is 60.2 more years.
Sister Ashley Welch female aged 19 years is 62.2 more years
Sister Taylor Beverly female aged 13 years is 68 more years.

These figures are not conclusive. They are the average life expectancies of persons who have

reached those ages. They may be considered by you in connection with other evidence relating to

the probable life expectancy of the decedent's father and next of kin including evidence of the

occupation, health, habits and activities, bearing in mind that some persons live longer and some

persons live less than the average.

**PLAINTIFF'S INSTRUCTION № 34. -**
IPI 31.13 – Jordan: Eric – 1/7/1976, Amina 7/20/86, Tara 7/13/89, Arial 8/3/92, Tatiana 12/3/94
Ashley 7/7/96, Taylor 1/18/03

| | |
|---:|:---|
| Agreed | **X** |
| Given | ____ |
| Given as Modified | ____ |
| Refused | ____ |
| Withdrawn | ____ |

If you decide for a defendant on the question of liability, you will have no occasion to consider the question of damages against that defendant.

**Plaintiffs Object – Unnecessarily duplicative of instructions and calls attention to this issue.**

**UNITED STATES' INSTRUCTION № 8**
IPI 36.01

Given          _____
Given as Modified    _____
Refused          _____
Withdrawn          _____

The defendants are sued as principal and agent. The defendant Norwegian American Hospital is the principal and the defendant Nicole Szewczak is its agent. If you find that Nicole Szewczak is liable, then you must find that the defendant, Norwegian American Hospital is also liable.

## Norwegian American Hospital Objects

**PLAINTIFF'S INSTRUCTION № 35. -**
IPI 50.01 – Nicole Szewczak

|  |  |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

Pradeep George was the agent of the defendant Norwegian American Hospital at the time of this occurrence. Therefore, any act or omission of the agent at that time was in law the act or omission of the defendant, Norwegian American Hospital.

**PLAINTIFF'S INSTRUCTION № 36. -**
IPI 50.02 – Pradeep George

|                    |        |
|-------------------:|:------:|
| Agreed             | **X**  |
| Given              | ____   |
| Given as Modified  | ____   |
| Refused            | ____   |
| Withdrawn          | ____   |

Ramon Barajas, MD was the agent of the defendant United States of America at the time of this occurrence. Therefore, any act or omission of the agent Ramon Barajas, MD at that time was in law the act or omission of the defendant, United States of America.

**PLAINTIFF'S INSTRUCTION № 37. -**
IPI 50.02 – Ramon Barajas

| | |
|---:|:---|
| Agreed | **X** |
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

In this action a third-party complaint has been filed. As to the issues raised by the third-party complaint and the answer to it, the parties therein named stand in the same relation to one another as do a plaintiff and a defendant. Therefore, the instructions given to you which apply to Eric Beverly and Norwegian American Hospital and Nicole Szewczak apply with the same effect to the third-party-plaintiff United States and the third-party-defendants Norwegian American Hospital and Nicole Szewczak, respectively.

## Norwegian American Hospital Objects

**UNITED STATES' INSTRUCTION № 9**
IPI 41.05

Given \_\_\_\_\_
Given as Modified \_\_\_\_\_
Refused \_\_\_\_\_
Withdrawn \_\_\_\_\_

One who may be required to pay money for causing injury to another may be entitled to contribution for a percentage of that sum from a third-party. The circumstances under which such contribution is permitted will be explained to you in the following instructions.

**Norwegian American Hospital Objects**

**UNITED STATES' INSTRUCTION № 10**
IPI 600.01

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

In addition to the claims of plaintiff against the United States, Norwegian American Hospital, and Nicole Szewczak, the United States makes a claim against Norwegian American Hospital and Nicole Szewczak. The United States claims that if it is liable to plaintiff for damages, then it is entitled to contribution from Norwegian American Hospital and Nicole Szewczak for a percentage of those damages.

If you find Norwegian American Hospital and/or Nicole Szewczak liable to plaintiff, then you must consider the claim for contribution by the United States.

The United States claims that Norwegian American Hospital and Nicole Szewczak were negligent in the same manner that plaintiff claims that Norwegian American Hospital and Nicole Szewczak.

The United States further claims that Norwegian American Hospital and Nicole Szewczak were a proximate cause of plaintiff's injuries.

Norwegian American Hospital and Nicole Szewczak deny that they did any of the things claimed by the United States, deny that they were negligent (in doing any of the things claimed by the United States); and deny that any claimed act or omission on their part was a proximate cause of plaintiff's injuries.

## Norwegian American Hospital Objects

**UNITED STATES' INSTRUCTION № 11**
IPI 600.04

|  |  |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

As to the claim of the United States against Norwegian American Hospital and Nicole Szewczak, the United States has the burden of proving each of the following propositions:

First, that Norwegian American Hospital and Nicole Szewczak acted or failed to act in one of the ways claimed in these instructions, and that in so acting, or failing to act, Norwegian American Hospital and Nicole Szewczak were negligent.

Second, that the negligence of Norwegian American Hospital and Nicole Szewczak was a proximate cause of plaintiff's injuries.

If you find from your consideration of all of the evidence that both of these propositions have been proved, then your verdict should be for the United States and against Norwegian American Hospital and Nicole Szewczak, and you should include Norwegian American Hospital and Nicole Szewczak in the apportionment of damages.

If, on the other hand, you find from your consideration of all of the evidence that either one or both of these propositions has not been proved, then your verdict should be for Norwegian American Hospital and Nicole Szewczak and you will have no occasion to consider the apportionment of damages against them.

## Norwegian American Hospital Objects

**UNITED STATES' INSTRUCTION № 12**
IPI 600.06

| | |
|---:|:---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdicts, your presiding juror will fill in the appropriate forms, and all of you will sign them.

The parties in this case are:

Plaintiffs: Eric Beverly as Supervised Administrator of the Estate of Lashon Bilbro-Beverly.

Eric Beverly as Supervised Administrator of the Estate of Jordan Bilbro-Beverly

Defendants:    United States of America as principal for its agent Dr. Ramon Barajas

Norwegian American Hospital as principal for its agent Pradeep George

Nicole Szewczak

If you find for the plaintiff Eric Beverly as Supervised Administrator of the Estate of Lashon Bilbro-Beverly and against any of the defendants use Verdict Form A.

If you find for all of the defendants and against plaintiff Eric Beverly as Supervised Administrator of the Estate of Lashon Bilbro-Beverly use Verdict Form B.

If you find for the plaintiff Eric Beverly as Supervised Administrator of the Estate of Jordan Bilbro-Beverly and against any of the defendants use Verdict Form C.

If you find for all of the defendants and against plaintiff Eric Beverly as Supervised Administrator of the Estate of Jordan Bilbro-Beverly use Verdict Form D.

## United States objects – see US Instruction 12

**PLAINTIFF'S INSTRUCTION № 38. -**
IPI B45.03 – incorporating Federal Jury Instructions of the Seventh Circuit 1.32

|  |  |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdicts, your presiding juror will fill in the appropriate forms, and all of you will sign them.

The parties in this case are:

Plaintiffs: Eric Beverly as Supervised Administrator of the Estate of Lashon Bilbro-Beverly.

Eric Beverly as Supervised Administrator of the Estate of Jordan Bilbro-Beverly

Defendants: United States of America

Norwegian American Hospital as principal for its agent Pradeep George

Nicole Szewczak

Third-Party Plaintiff – United States of America

Third-Party Defendants: Norwegian American Hospital

Nicole Szewczak

If you find for the plaintiff Eric Beverly as Supervised Administrator of the Estate of Lashon Bilbro-Beverly and against Norwegian American Hospital and/or Nicole Szewczak use Verdict Form A.

If you find for Norwegian American Hospital and Nicole Szewczak and against plaintiff Eric Beverly as Supervised Administrator of the Estate of Lashon Bilbro-Beverly use Verdict Form B.

If you find for the plaintiff Eric Beverly as Supervised Administrator of the Estate of Jordan Bilbro-Beverly and against Norwegian American Hospital and/or Nicole Szewczak use Verdict Form C.

If you find for Norwegian American Hospital and Nicole Szewczak and against plaintiff Eric Beverly as Supervised Administrator of the Estate of Jordan Bilbro-Beverly use Verdict Form D.

Use Verdict Form E to record your findings as to the United States' third-party complaint for contribution against Norwegian American Hospital and Nicole Szewczak.

## Norwegian American Hospital Objects

**UNITED STATES' INSTRUCTION № 12**
IPI B45.03 – incorporating Federal Jury instructions of the Seventh Circuit 1.32

Given          _____
Given as Modified    _____
Refused         _____
Withdrawn        _____

**VERDICT FORM A**
**Lashon Bilbro-Beverly**

We, the jury, find for Eric Beverly as Supervised Administrator of the Estate of Lashon Bilbro-Beverly, deceased, and against the following defendant or defendants:

| | | |
|---|---|---|
| United States of America as principal for its agent Dr. Ramon Barajas | Yes ___ | No ___ |
| Norwegian American Hospital as principal for its agent Pradeep George | Yes ___ | No ___ |
| Nicole Szewzcak | Yes ___ | No ___ |

We find that the total amount of damages suffered by Eric Beverly as Supervised Administrator of the Estate of Lashon Bilbro-Beverly, deceased as a proximate result of the occurrence in question is $_____, itemized as follows:

The reasonable value of the loss of society experienced by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result Lashon Bilbro-Beverly's death.                                    $_____

The reasonable value of the loss of society reasonably certain to be experienced in the future by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result Lashon Bilbro-Beverly's death.                                    $

_____

The reasonable value of the grief, sorrow and mental suffering experienced by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result Lashon Bilbro-Beverly's death.

$_____

The reasonable value of the grief, sorrow and mental suffering reasonably certain to be experienced in future by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result Lashon Bilbro-Beverly's death.                                    $

_____

**Total Damages:**  $_____

**VERDICT FORM A**
**Lashon Bilbro-Beverly**

Signatures of Jury

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____


**UNITED STATES OBJECTS & NAH OBJECTION**


**PLAINTIFF'S INSTRUCTION № 39. -**
IPI B45.03.A – Modified – Lashon

Given          \_\_\_\_\_
Given as Modified   \_\_\_\_\_
Refused        \_\_\_\_\_
Withdrawn       \_\_\_\_\_

**VERDICT FORM C**
**Jordan Bilbro-Beverly**

We, the jury, find for Eric Beverly as Supervised Administrator of the Estate of Jordan Bilbro-Beverly, deceased, and against the following defendant or defendants:

United States of America as principal for its agent Dr. Ramon Barajas   Yes ___      No ___
Norwegian American Hospital as principal for its agent Pradeep George   Yes ___      No ___
Nicole Szewzcak   Yes ___      No ___

We find that the total amount of damages suffered by Eric Beverly as Supervised Administrator of the Estate of Jordan Bilbro-Beverly, deceased as a proximate result of the occurrence in question is $_____, itemized as follows:

The reasonable value of the loss of society experienced by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result Jordan Bilbro-Beverly's death.          $_____

The reasonable value of the loss of society reasonably certain to be experienced in the future by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result Jordan Bilbro-Beverly's death.          $_____

The reasonable value of the grief, sorrow and mental suffering experienced by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result Jordan Bilbro-Beverly's death.          $_____

The reasonable value of the grief, sorrow and mental suffering reasonably certain to be experienced in the future by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result Jordan Bilbro-Beverly's death.          $_____

**Total Damages:**   $_____

**VERDICT FORM C**
**Jordan Bilbro-Beverly**

Signature Lines

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____


**UNITED STATES OBJECTS & NAH OBJECTION**


**PLAINTIFF'S INSTRUCTION № 40. -**
IPI B45.03.A – Modified – Jordan

                        Given          _____
            Given as Modified          _____
                      Refused          _____
                    Withdrawn          _____

**VERDICT FORM A**
**Lashon Bilbro-Beverly**

We, the jury, find for Eric Beverly as Supervised Administrator of the Estate of Lashon Bilbro-Beverly, deceased, and against the following defendant or defendants:

Norwegian American Hospital as principal for its agent Pradeep George   Yes ___        No ___
Nicole Szewzcak   Yes ___        No ___

We find that the total amount of damages suffered by Eric Beverly as Supervised Administrator of the Estate of Lashon Bilbro-Beverly, deceased as a proximate result of Norwegian American Hospital and/or Nicole Szewzak's negligence is $_____, itemized as follows:

The reasonable value of the loss of society experienced by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result Lashon Bilbro-Beverly's death.

$ _____

The reasonable value of the grief, sorrow and mental suffering experienced by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result Lashon Bilbro-Beverly's death.

$ _____

**Total Damages:** $ _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

**Plaintiff Objects & NAH Objects**

**UNITED STATES' INSTRUCTION № 13-**
IPI B45.03.A – Modified – Lashon

|                   |       |
|------------------:|-------|
| Given             | _____ |
| Given as Modified | _____ |
| Refused           | _____ |
| Withdrawn         | _____ |

**VERDICT FORM B**


We, the jury, find for defendants Norwegian American Hospital and Nicole Szewczak and against the plaintiff.

**UNITED STATES' INSTRUCTION № 14 -**
IPIB 45.03.B – Modified – Lashon

| | |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

**VERDICT FORM C**
**Jordan Bilbro-Beverly**

We, the jury, find for Eric Beverly as Supervised Administrator of the Estate of Jordan Bilbro-Beverly, deceased, and against the following defendant or defendants:

Norwegian American Hospital as principal for its agent Pradeep George    Yes ___    No ___

Nicole Szewczak    Yes ___    No ___

We find that the total amount of damages suffered by Eric Beverly as Supervised Administrator of the Estate of Jordan Bilbro-Beverly, deceased as a proximate result of Norwegian American Hospital and/or Nicole Szewczak's negligence is $_____, itemized as follows:

The reasonable value of the loss of society experienced by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result Jordan Bilbro-Beverly's death.

$ _____

The reasonable value of the grief, sorrow and mental suffering experienced by Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly as a result Jordan Bilbro-Beverly's death.

$ _____

**Total Damages:** $ _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

**Plaintiff Objects & NAH Objects**

**UNITED STATES' INSTRUCTION № 15 -**
IPI B45.03.A – Modified – Jordan

Given          _____
Given as Modified   _____
Refused         _____
Withdrawn        _____

**VERDICT FORM D**


We, the jury, find for defendants Norwegian American Hospital and Nicole Szewczak and against the plaintiff.


**Plaintiff objects**


**UNITED STATES INSTRUCTION № 16**
IPIB 45.03.B – Modified – Jordan

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

**VERDICT FORM E**
**United States Contribution Claim Against**
**Norwegian American Hospital and Nicole Szewczak**

The plaintiff claims, among other things, that the actions of Dr. Barajas, which are attributable to the United States, caused, at least in part, Lashon Bilbro-Beverly and Jordan Bilbro-Beverly to suffer injury. The court, not the jury, will decide whether the United States is liable, and if so, in what amount.

If the court decides that United States is liable, the United States seeks contribution from Norwegian American Hospital and Nicole Szewczak because of their actions that the United States claims caused Lashon Bilbro-Beverly and Jordan Bilbro-Beverly to suffer injury. Norwegian American Hospital and Nicole Szewczak deny that they committed negligence or caused injury.

Your role, in the event that the court finds the United States liable, is to determine whether Norwegian American Hospital and/or Nicole Szewczak were also liable, and if so, to determine the percentage of fault attributable to Norwegian American Hospital, Nicole Szewczak, and the United States, respectively.

We, the jury find:

First: As to the contribution claims brought by the United States:

Against Norwegian American Hospital    Yes ___        No ___
Against Nicole Szewzcak    Yes ___        No ___

Second: Assuming that 100% represents the total combined legal responsibility of all entities who proximately caused Lashon Bilbro-Beverly and Jordan Bilbro-Beverly's injury, we find the percentage of legal responsibility attributable to each as follows:

Norwegian American Hospital        _____%
Nicole Szewczak        _____%
United States        _____%

**Plaintiff Objects & NAH Objects**

**UNITED STATES' INSTRUCTION № 17 -**
IPI 600.14 (modified)

Given          _____
Given as Modified   _____
Refused        _____
Withdrawn      _____

The parties have stipulated, or agreed, that [stipulated fact]. You must now treat this fact as having been proved for the purpose of this case.

**\*\*\* IF NEEDED\*\*\***

Defendant NAH and Szewczak's Instruction No. 1
7th Circuit Instruction No. 2.05
Given:                              _____
Given as modified:         _____
Refused:                          _____
Withdrawn:                      _____

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [Witness], which was taken on [date], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**\*\*\* IF NEEDED \*\*\***

Defendant NAH and Szewczak's Instruction No. 2
7th Circuit Instruction No. 2.08
Given:                    _____
Given as modified:        _____
Refused:                  _____
Withdrawn:                _____

The plaintiff, Eric Beverly, has the burden of proving each of the following propositions as to each defendant:

First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent;

Second, that the plaintiff was injured;

Third, that the negligence of the defendant was a proximate cause of the injury to the plaintiff.

You are to consider these propositions as to each defendant separately.

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff. On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for the defendant.

Defendant NAH and Szewczak Instruction No. 3
I.P.I. No. 21.02 (modified)
Given:            _____
Given as modified:      _____
Refused:          _____
Withdrawn:        _____

More than one person may be to blame for causing an injury. If you decide that a defendant was negligent and that his, her, or its negligence was a proximate cause of injury to the plaintiff, it is not a defense that some third person who is not a party to the suit may also have been to blame.

However, if you decide that the sole proximate cause of injury to the plaintiff was the conduct of some person other than that defendant, then your verdict should be for that defendant.

Defendant NAH and Szewczak's Instruction No. 4
I.P.I. No. 12.04 (modified)
Given: _____
Given as modified: _____
Refused: _____
Withdrawn: _____

If you decide for the defendants, Norwegian American Hospital and Nicole Szewczak, on the question of liability, you will have no occasion to consider the question of damages.

Defendant NAH and Szewczak No. 5
I.P.I. No. 36.01
Given:                    _____
Given as modified:        _____
Refused:                  _____
Withdrawn:                _____

**VERDICT FORM B**

We, the jury, find for Nicole Szewczak and Norwegian American Hospital and against Eric Beverly, individually, and as Supervised Administrator of the Estate of Lashon Bilbro-Beverly, deceased, and as Independent Administrator of the Estate of Jordan Kaleb Bilbro-Beverly, deceased.

_____     _____
Foreperson

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

Defendant NAH and Szewczak's Instruction No. 6
I.P.I. No. B45.01.B
Given:                          _____
Given as modified:     _____
Refused:                       _____
Withdrawn:                  _____