# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Eric Beverly,

      Plaintiff,

      v.

United States of America, et al,

      Defendant.

Case No. 12 C 7234

Judge John Robert Blakey

## PHASE I JURY INSTRUCTIONS

**FILED**

MAY 0 5 2016

JUDGE JOHN ROBERT BLAKEY
United States District Court

**Court's Instruction 1**

**FUNCTION OF THE COURT AND JURY**

Members of the jury, you have seen and heard all the evidence and will hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Court's Instruction 2**

## NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked the witnesses questions myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**Court's Instruction 3**

**ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case, one of the Defendants is a corporation and another is a government entity. All parties are equal before the law. Corporations and government entities are entitled to the same fair consideration that you would give any individual person.

**Court's Instruction 4**

**EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, the deposition testimony and medical literature read into evidence per my instructions, and stipulations. A stipulation is an agreement between both sides that certain facts are true.

**Court's Instruction 5**

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witness appeared and testified here in Court.

**Court's Instruction 6**

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence unless I specifically instructed you otherwise (for example, the medical literature that was read into the record per my instructions may be considered like any other evidence). Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Court's Instruction 7**

**NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Court's Instruction 8**

## CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## Court's Instruction 9

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**Court's Instruction 10**

**EVIDENCE LIMITED TO CERTAIN PARTIES**

  Each party is entitled to have the case decided solely on the evidence that applies to that party.  I instructed you during trial that certain evidence is limited solely to the United States' third party contribution claim against Norwegian American Hospital and Nicole Szewczak.  That evidence may not be considered in the Plaintiff's case against Norwegian American Hospital for the purpose of establishing the Plaintiff's burden of proof against Norwegian American Hospital.

**Court's Instruction 11**

**WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Court's Instruction 12**

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that "it is raining" is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that "it is raining" is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Court's Instruction 13**

## TESTIMONY OF THE WITNESS (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness. In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

–   the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

–   the witness's memory;

–   any interest, bias, or prejudice the witness may have;

–   the witness's intelligence;

–   the manner of the witness while testifying;

–   the witness's age;

–   and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Court's Instruction 14**

**PRIOR INCONSISTENT STATEMENTS**

You may consider statements given by parties or witnesses under oath before trial as evidence of the truth of what they said in the earlier statements, as well as in deciding what weight to give their testimony. With regard to statements made by the parties before trial that the opposing side has offered into evidence, those statements may, even if not made under oath, be considered as evidence of the truth of what was said in the earlier statements, as well as in deciding what weight to give the testimony.

However, with respect to other statements, the law is different. If you decide that, before the trial, one of the non-party witnesses made a statement not under oath, or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood, and whether it concerns an important fact or an unimportant detail.

Court's Instruction 15

**LAWYER INTERVIEWING WITNESS**

It is proper for a lawyer to meet with any witness in preparation for trial.

**Court's Instruction 16**

**NUMBER OF WITNESSES**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Court's Instruction 17**

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Court's Instruction 18**

**EXPERT WITNESSES**

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of other witnesses. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**Court's Instruction 19**

## DEMONSTRATIVE EXHIBITS

Certain anatomical renderings and compilations of evidence have been shown to you. Those documents are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**Court's Instruction 20**

## MULTIPLE DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there are two Defendants in Plaintiff's case, it does not follow that if one is liable, the other is also liable. This will be explained in greater detail below.

In considering a claim against a Defendant, you must not consider evidence admitted only against other Defendants or only as to other claims.

**Court's Instruction 21**

**BURDEN OF PROOF**

When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which that party has the burden of proof is more probably true than not true.

**Court's Instruction 22**

**PROXIMATE CAUSE**

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the Plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

**Court's Instruction 23**

**JUDGE'S COMMENTS TO LAWYER**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side that I may caution or warn during trial.

**Court's Instruction 24**

**NATURE OF THE CLAIMS**

The Plaintiff, Eric Beverly, alleges that the Defendants, the United States of America and Norwegian American Hospital, were negligent in the care provided to Lashon Bilbro-Beverly, resulting in her death at Norwegian American Hospital on February 27, 2010. The Plaintiff also alleges that the negligent care provided to Lashon Bilbro-Beverly caused injury to her unborn child, Jordan Kaleb Bilbro-Beverly, resulting in his death on February 27, 2010.

The United States and Norwegian American Hospital each deny that they were negligent and further deny that they caused Lashon or Jordan Bilbro-Beverly's death. They also deny that Plaintiff suffered injuries to the extent alleged.

Further, the United States asserts that, if it is held liable for Plaintiff's damages, it is entitled to contribution from Norwegian American Hospital and Nicole Szewczak. Norwegian American Hospital and Nicole Szewczak deny that the United States is entitled to contribution.

Your first task is to determine whether each Defendant is liable to Plaintiff for the damages alleged to have been suffered by Lashon Bilbro-Beverly and Jordan Bilbro-Beverly. If appropriate based upon your verdict, the Court will instruct you later on your second task, which is to consider the United States' contribution claim.

**Court's Instruction 25**

**ELEMENTS**

In order for Plaintiff Eric Beverly to recover from any particular Defendant, he has the burden of proving each of the following propositions as to that Defendant:

1.    That the Defendant acted or failed to act in one or more of the ways claimed by the Plaintiff in Instructions 26-29, and that in so acting, or failing to act, the Defendant was negligent;

2.    That the Plaintiff was injured;

3.    That the negligence of the Defendant was a proximate cause of the injury to the Plaintiff.

You are to consider these propositions as to each Defendant separately. If you find from your consideration of all the evidence that any of these propositions has not been proved as to any one Defendant, then your verdict shall be for that Defendant. On the other hand, if you find from your consideration of all the evidence that all of these propositions have been proved as to any one or all of the Defendants, then your verdict shall be for the Plaintiff as to that Defendant or Defendants.

**Court's Instruction 26**

**BASES OF NEGLIGENCE – UNITED STATES/LASHON BILBRO-BEVERLY**

Plaintiff Eric Beverly, as Supervised Administrator of the Estate of Lashon Bilbro-Beverly, claims that he was injured and sustained damage, and that the Defendant United States of America, by its agent Dr. Ramon Barajas, was negligent in one or more of the following respects:

1) He failed to examine Lashon Bilbro-Beverly immediately, or to arrange for another physician to examine her immediately, at 8:30 p.m.;

2) He failed to examine Lashon Bilbro-Beverly immediately, or to arrange for another physician to examine her immediately, at 8:45 p.m.;

3) He failed to place Lashon Bilbro-Beverly, or instruct others to place her, in the left lateral position after the Code Blue was initiated; and/or

4) He failed to initiate a caesarean section delivery within five minutes after the Code Blue.

The Plaintiff further claims that one or more of the foregoing was a proximate cause of Lashon Bilbro-Beverly's injuries. Defendant United States denies Dr. Barajas was negligent, and denies that any claimed act or omission on the part of Dr. Barajas was a proximate cause of the Plaintiff's claimed injuries.

**Court's Instruction 27**

**BASES OF NEGLIGENCE – HOSPITAL/LASHON BILBRO-BEVERLY**

Plaintiff Eric Beverly, as Supervised Administrator of the Estate of Lashon Bilbro-Beverly, claims that he was injured and sustained damage, and that the Defendant Norwegian American Hospital, by its agent Nurse Nicole Szewczak, was negligent in one or more of the following respects:

1)  She failed to inform Dr. Barajas of Lashon's changing status at 8:30 p.m.;

2)  She failed to inform Dr. Barajas of Lashon's changing status at 8:45 p.m.; and/or

3)  She failed to initiate the Rapid Response team in response to Lashon's changing status between 8:00 p.m. and 9:40 p.m.

The Plaintiff further claims that one or more of the foregoing was a proximate cause of Lashon Bilbro-Beverly's injuries. Defendant Norwegian American Hospital denies Nurse Szewczak was negligent, and denies that any claimed act or omission on the part of Nurse Szewczak was a proximate cause of Plaintiff's claimed injuries.

Plaintiff Eric Beverly, as Supervised Administrator of the Estate of Lashon Bilbro-Beverly, also claims that he was injured and sustained damage, and that the Defendant Norwegian American Hospital, by its agent Respiratory Therapist Pradeep George, was negligent in the following respect:

1)  He failed to notify Dr. Barajas of the patient's inability to perform a peak flow measurement.

The Plaintiff further claims that the foregoing was a proximate cause of Lashon Bilbro-Beverly's injuries. Defendant Norwegian American Hospital denies that Pradeep George was negligent, and denies that any claimed act or omission on the part of Pradeep George was a proximate cause of the Plaintiff's claimed injuries.

**Court's Instruction 28**

**BASES OF NEGLIGENCE – UNITED STATES/JORDAN BILBRO-BEVERLY**

Plaintiff Eric Beverly, as Independent Administrator of the Estate of Jordan Bilbro-Beverly, claims that he was injured and sustained damage, and that the Defendant United States of America, by its agent Dr. Ramon Barajas, was negligent in one or more of the following respects:

1) He failed to examine Lashon Bilbro-Beverly immediately, or to arrange for another physician to examine her immediately, at 8:30 p.m.;

2) He failed to examine Lashon Bilbro-Beverly immediately, or to arrange for another physician to examine her immediately, at 8:45 p.m.;

3) He failed to place Lashon Bilbro-Beverly, or instruct others to place her, in the left lateral position after the Code Blue was initiated; and/or

4) He failed to initiate a caesarean section delivery within five minutes after the Code Blue.

The Plaintiff further claims that one or more of the foregoing was a proximate cause of Jordan Bilbro-Beverly's injuries. Defendant United States denies Dr. Barajas was negligent, and denies that any claimed act or omission on the part of Dr. Barajas was a proximate cause of the Plaintiff's claimed injuries.

**Court's Instruction 29**

**BASES OF NEGLIGENCE – HOSPITAL/JORDAN BILBRO-BEVERLY**

Plaintiff Eric Beverly, as Independent Administrator of the Estate of Jordan Bilbro-Beverly, claims that he was injured and sustained damage, and that the Defendant Norwegian American Hospital, by its agent Nurse Nicole Szewczak, was negligent in one or more of the following respects:

1) She failed to inform Dr. Barajas of Lashon's changing status at 8:30 p.m.;

2) She failed to inform Dr. Barajas of Lashon's changing status at 8:45 p.m.; and/or

3) She failed to initiate the Rapid Response team in response to Lashon's changing status between 8:00 p.m. and 9:40 p.m.

The Plaintiff further claims that one or more of the foregoing was a proximate cause of Jordan Bilbro-Beverly's injuries. Defendant Norwegian American Hospital denies Nurse Szewczak was negligent, and denies that any claimed act or omission on the part of Nurse Szewczak was a proximate cause of the Plaintiff's claimed injuries.

Plaintiff Eric Beverly, as Independent Administrator of the Estate of Jordan Bilbro-Beverly, claims that he was injured and sustained damage, and that the Defendant Norwegian American Hospital, by its agent Respiratory Therapist Pradeep George, was negligent in the following respect:

1) He failed to notify Dr. Barajas of the patient's inability to perform a peak flow measurement.

The Plaintiff further claims that the foregoing was a proximate cause of Jordan Bilbro-Beverly's injuries. The Defendant denies that Pradeep George was negligent, and denies that any claimed act or omission on the part of Pradeep George was a proximate cause of the Plaintiff's claimed injuries.

**Court's Instruction 30**

**AGENCY OF NON-DEFENDANT MEDICAL PERSONNEL**

Dr. Ramon Barajas was the agent of Defendant United States at the time of this occurrence. Therefore, any act or omission of Dr. Barajas at that time was in law the act or omission of Defendant United States.

Nicole Szewczak and Pradeep George were the agents of Defendant Norwegian American Hospital at the time of this occurrence. Therefore, any act or omission of those agents at that time was in law the act or omission of Defendant Norwegian American Hospital.

**Court's Instruction 31**

## OBSTETRICIAN STANDARD OF CARE

An Obstetrician must possess and use the knowledge, skill, and care ordinarily used by a reasonably careful obstetrician.

The failure to do something that a reasonably careful obstetrician would do, or the doing of something that a reasonably careful obstetrician would not do, under circumstances similar to those shown by the evidence, is "professional negligence." The phrase "deviation from the standard of care" means the same thing as "professional negligence."

The law does not say how a reasonably careful Obstetrician would act under these circumstances. That is for you to decide. In reaching your decision, you must rely upon opinion testimony from qualified witnesses and evidence of professional standards, policies, procedures or similar evidence. You must not attempt to determine how a reasonably careful doctor would act from any personal knowledge you may have.

**Court's Instruction 32**

**NURSE STANDARD OF CARE**

A nurse must possess and use the knowledge, skill, and care ordinarily used by a reasonably careful nurse.

The failure to do something that a reasonably careful nurse would do, or the doing of something that a reasonably careful nurse would not do, under circumstances similar to those shown by the evidence, is "professional negligence." The phrase "deviation from the standard of care" means the same thing as "professional negligence."

The law does not say how a reasonably careful nurse would act under these circumstances. That is for you to decide. In reaching your decision, you must rely upon opinion testimony from qualified witnesses and evidence of professional standards, policies, procedures or similar evidence. You must not attempt to determine how a reasonably careful nurse would act from any personal knowledge you may have.

**Court's Instruction 33**

**RESPIRATORY THERAPIST STANDARD OF CARE**

A respiratory therapist must possess and use the knowledge, skill, and care ordinarily used by a reasonably careful respiratory therapist.

The failure to do something that a reasonably careful respiratory therapist would do, or the doing of something that a reasonably careful respiratory therapist would not do, under circumstances similar to those shown by the evidence, is "professional negligence." The phrase "deviation from the standard of care" means the same thing as "professional negligence."

The law does not say how a reasonably careful respiratory therapist would act under these circumstances. That is for you to decide. In reaching your decision, you must rely upon opinion testimony from qualified witnesses and evidence of professional standards, policies, procedures or similar evidence. You must not attempt to determine how a reasonably careful respiratory therapist would act from any personal knowledge you may have.

**Court's Instruction 34**

**DAMAGES – LASHON BILBRO-BEVERLY**

If you decide for Plaintiff Eric Beverly, as Supervised Administrator of the Estate of Lashon Bilbro-Beverly, on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh and Taylor Beverly for pecuniary loss proved by the evidence to have resulted to the widower and/or lineal next of kin of the decedent, Lashon Bilbro-Beverly. "Pecuniary loss" may include loss of society.

Where a decedent leaves a husband and children, the law recognizes a presumption that the husband and children have sustained substantial pecuniary loss by reason of death. The weight to be given this presumption is for you to decide from the evidence in this case.

In determining pecuniary loss, you may consider what the evidence shows concerning the following:

1. What instruction, moral training, and superintendence of education the decedent might reasonably have been expected to give her children had she lived;

2. Decedent's age;

3. The grief, sorrow, and mental suffering of decedent's husband and children;

4. The relationship between Lashon Bilbro-Beverly and her daughters; and

5. The marital relationship that existed between Eric Beverly and Lashon Bilbro-Beverly.

**Court's Instruction 35**

**DAMAGES – JORDAN BILBRO-BEVERLY**

If you decide for the Plaintiff Eric Beverly, as Independent Administrator of the Estate of Jordan Bilbro-Beverly, on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate the father and siblings of the decedent, Jordan Bilbro-Beverly, for the pecuniary loss proved by the evidence to have resulted to the father and siblings from the death of Jordan Bilbro-Beverly. "Pecuniary loss" may include loss of society.

Where a decedent leaves a parent, the law recognizes a presumption that the parent has sustained some substantial pecuniary loss by reason of the loss of the child's society. The weight to be given this presumption is for you to decide from the evidence in this case. There is no presumption of pecuniary loss to a sibling of the decedent.

In determining pecuniary loss, you may consider what the evidence shows concerning the following:

1.   The grief, sorrow and mental suffering of Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh and Taylor Beverly.

2.   What the relationship between Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh, and Taylor Beverly and Jordan Bilbro-Beverly would have been.

**Court's Instruction 36**

## CLAIM BY ADMINISTRATOR OF AN ESTATE

Plaintiff Eric Beverly brings this action in a representative capacity by reason of his being administrator of the estate of Lashon Bilbro-Beverly, deceased, and administrator of the estate of Jordan Bilbro-Beverly, deceased. He represents Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh and Taylor Beverly, the widower/father and next of kin of the deceased. They are the real parties in interest in this lawsuit, and in that sense are the real plaintiffs whose damages you are to determine if you decide for the administrator of the estate of Lashon Bilbro-Beverly and administrator of the estate of Jordan Bilbro-Beverly.

**Court's Instruction 37**

**SOCIETY DEFINITION**

When I use the term "society" in these instructions, I mean the mutual benefits that each family member receives form the other's continued existence, including love, affection, care, attention, companionship, comfort, guidance and protection.

**Court's Instruction 38**

**LIFE EXPECTANCY – LASHON BILBRO-BEVERLY**

If you find for the Plaintiff Eric Beverly, as Supervised Administrator of the Estate of Lashon Bilbro-Beverly, then in assessing damages you may consider how long Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh and Taylor Beverly will be likely to sustain pecuniary losses as a result of Lashon's death, considering how long Lashon was likely to have lived.

According to a table of mortality in evidence, the life expectancy of a female person aged 40 years is 41.9 more years. This figure is not conclusive. It is the average life expectancy of persons who have reached that age. It may be considered by you in connection with other evidence relating to the probable life expectancy of the decedent and her widower and her next of kin including evidence of the decedent's occupation, health, habits and activities, bearing in mind that some persons live longer and some persons live less than the average.

**Court's Instruction 39**

**LIFE EXPECTANCY – FAMILY MEMBERS**

If you find for the Plaintiff Eric Beverly as Independent Administrator of the Estate of Jordan Bilbro-Beverly, then in assessing damages you may consider how long Eric Beverly, Amina Martin, Tara Martin, Ariel Patterson, Tatiana Patterson, Ashley Welsh and Taylor Beverly will be likely to sustain pecuniary losses as a result of Jordan's death, considering how long they were likely to have lived.

According to a table of mortality in evidence, the life expectancies of Jordan's next of kin are as follows:

1. Father Eric Beverly male aged 40 years is 37.8 more years.

2. Sister Amina Martin female aged 29 years is 52.4 more years.

3. Sister Tara Martin female aged 26 years is 55.4 more years.

4. Sister Ariel Patterson female aged 23 years is 58.3 more years.

5. Sister Tatianna Paterson female aged 21 years is 60.2 more years.

6. Sister Ashley Welch female aged 19 years is 62.2 more years.

7. Sister Taylor Beverly female aged 13 years is 68 more years.

These figures are not conclusive. They are the average life expectancies of persons who have reached those ages. They may be considered by you in connection with other evidence relating to the probable life expectancy of the decedent's father and next of kin including evidence of the occupation, health, habits and activities, bearing in mind that some persons live longer and some persons live less than the average.

**Court's Instruction 40**

## CAUTIONARY INSTRUCTION BEFORE DELIBERATION

You are about to begin deliberation, and I want to remind you of the instruction I gave you earlier. Until the trial is over and you have returned a verdict, you are not to discuss this case with anyone except your fellow jurors, this includes members of your family, people involved in the trial or anyone else, and this includes discussion in person or online or in any other way. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial, and do not investigate it on your own.

**Court's Instruction 41**

**SELECTION OF PRESIDING JUROR; GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. [verdict form explained]

Take this verdict form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

**Court's Instruction 42**

**COMMUNICATIONS WITH THE COURT**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**Court's Instruction 43**

**DISAGREEMENT AMONG JURORS**

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.