## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Eric Beverly,

      Plaintiff,

      v.

United States of America, et al,

      Defendant.

Case No. 12 C 7234

Judge John Robert Blakey

## PHASE II JURY INSTRUCTIONS



**Court's Contribution Instruction 1**

**CONTRIBUTION CLAIM - GENERAL**

You have previously resolved Plaintiff's case against Defendants United States and Norwegian American Hospital. Now, you must consider the third-party plaintiff United States' contribution claim against third-party defendants Norwegian American Hospital and Nurse Nicole Szewczak.

One who is required to pay money for causing injury to another may be entitled to contribution for a percentage of that sum from a third-party by way of a contribution claim. The circumstances under which such contribution is permitted will be explained to you in the following instructions.

**Court's Contribution Instruction 2**

**CONTRIBUTION CLAIM – APPLICABILITY OF PRIOR INSTRUCTIONS**

As to the issues raised by the United States' third-party contribution complaint and the answer to it, the parties therein named stand in the same relation to one another as do a plaintiff and a defendant. Therefore, Instructions 1-24 and 31-33 from the instructions you previously received apply with the same effect to the third-party plaintiff United States and the third-party defendants Norwegian American Hospital and Nicole Szewczak, respectively.

**Court's Contribution Instruction 3**

**CONTRIBUTION ELEMENTS**

As to the contribution claim of third-party plaintiff United States against third-party defendants Norwegian American Hospital and Nicole Szewczak, the United States has the burden of proving each of the following propositions as to each third-party defendant:

1.  That the third-party defendant acted or failed to act in one of the ways claimed in Contribution Instructions 4-5, and that in so acting, or failing to act, the third-party defendant was negligent;

2.  That the negligence of the third party defendant was a proximate cause of Plaintiff's injuries.

If you find from your consideration of all of the evidence that all of these propositions have been proved as to any third party defendant, then your verdict should be for the United States and against that third party defendant, and you should include that third party defendant in the apportionment of damages on the contribution claim.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved as to any third party defendant, then your verdict should be for that third party defendant or defendants, and you will have no occasion to consider the apportionment of damages against them on the contribution claim.

<u>Court's Contribution Instruction 4</u>

**CONTRIBUTION – BASES OF NEGLIGENCE – LASHON BILBRO-BEVERLY**

As to the injuries suffered by Lashon Bilbro-Beverly, the United States claims that third party defendants **Norwegian American Hospital and Nicole Szewczak** were negligent in one or more of the following respects:

1.    Nurse Szewczak's failure to communicate her concern and inform Dr. Barajas of Lashon Bilbro-Beverly's changing status;

2.    Nurse Szewczak's failure to ensure that Dr. Barajas, or another qualified physician, would urgently come and evaluate the patient;

3.    Nurse Szewczak's failure to initiate the rapid response team between 8:00 p.m. and 9:40 p.m.; and

4.    Nurse Szewczak's failure to comply with the physicians' order that a nonstress test be performed during every shift.

Also as to the injuries suffered by Lashon Bilbro-Beverly, the United States claims that **Norwegian American Hospital, by its agent listed below,** was negligent in the following respect:

1.    Respiratory Therapist Pradeep George's failure to notify Dr. Barajas or Nurse Szewczak of Lashon Bilbro-Beverly's inability to perform a peak flow measurement.

The United States further claims that one or more of the foregoing was a proximate cause of Lashon Bilbro-Beverly's injuries. Norwegian American Hospital and Nicole Szewczak deny that they did any of the things claimed by the United States, deny that they were negligent (in doing any of the things claimed by the United States), and deny that any claimed act or omission on their part was a proximate cause of Lashon Bilbro-Beverly's injuries.

**Court's Contribution Instruction 5**

**CONTRIBUTION – BASES OF NEGLIGENCE – JORDAN BILBRO-BEVERLY**

As to the injuries suffered by Jordan Bilbro-Beverly, the United States claims that third party defendants **Norwegian American Hospital and Nicole Szewczak** were negligent in one or more of the following respects:

1.  Nurse Szewczak's failure to communicate her concern and inform Dr. Barajas of Lashon Bilbro-Beverly's changing status;

2.  Nurse Szewczak's failure to ensure that Dr. Barajas, or another qualified physician, would urgently come and evaluate the patient;

3.  Nurse Szewczak's failure to initiate the rapid response team between 8:00 p.m. and 9:40 p.m.; and

4.  Nurse Szewczak's failure to comply with the physicians' order that a nonstress test be performed during every shift.

Also as to the injuries suffered by Jordan Bilbro-Beverly, the United States claims that **Norwegian American Hospital, by its agent listed below,** was negligent in the following respect:

1.  Respiratory Therapist Pradeep George's failure to notify Dr. Barajas or Nurse Szewczak of Lashon Bilbro-Beverly's inability to perform a peak flow measurement.

The United States further claims that one or more of the foregoing was a proximate cause of Jordan Bilbro-Beverly's injuries. Norwegian American Hospital and Nicole Szewczak deny that they did any of the things claimed by the United States, deny that they were negligent (in doing any of the things claimed by the United States), and deny that any claimed act or omission on their part was a proximate cause of Jordan Bilbro-Beverly's injuries.

<u>**Court's Contribution Instruction 6**</u>

**PRINCIPAL AND AGENT**

      The third-party defendants are sued as principal and agent. The third-party-defendant Norwegian American Hospital is the principal and the third-party-defendant Nicole Szewczak is its agent. If you find that the third-party-defendant Nicole Szewczak is liable on a certain claim, then you must find that the third-party-defendant Norwegian American Hospital is also liable on that claim.

      Pradeep George was an agent of third-party-defendant Norwegian American Hospital at the time of this occurrence. Therefore, any act or omission of Pradeep George at that time was in law the act or omission of third-party-defendant Norwegian American Hospital.

**Court's Contribution Instruction 7**

## APPORTIONMENT OF RESPONSIBILITY

If you find that the United States has succeeded on its contribution claim by satisfying the elements of Contribution Instruction 3, you must apportion damages by determining the relative degree of legal responsibility of each party listed in the contribution verdict form.

In making that determination, you should consider the degree to which the conduct of the parties listed in the verdict form proximately caused Plaintiff's injuries. In your verdict, you will state the percentage of fault of each person identified on the form of verdict and the total of those percentages must add up to 100%.

<u>**Court's Contribution Instruction 8**</u>

**CAUTIONARY INSTRUCTION BEFORE DELIBERATION**

You are about to begin deliberation, and I want to remind you of the instruction I gave you earlier. Until the trial is over and you have returned a verdict, you are not to discuss this case with anyone except your fellow jurors, this includes members of your family, people involved in the trial or anyone else, and this includes discussion in person or online or in any other way. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial, and do not investigate it on your own.

Court's Contribution Instruction 9

**SELECTION OF PRESIDING JUROR; GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. [verdict form explained]

Take this verdict form the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

**Court's Contribution Instruction 10**

## COMMUNICATIONS WITH THE COURT

      I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

      If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**Court's Contribution Instruction 11**

**DISAGREEMENT AMONG JURORS**

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.