UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC BEVERLY, Individually, and as Supervised Administrator of the Estate of LASHON BILBRO-BEVERLY, deceased, and as Independent Administrator of the Estate of JORDAN KALEB BILBRO-BEVERLY, deceased, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES OF AMERICA; and NORWEGIAN AMERICAN HOSPITAL, INC., an Illinois Corporation;, | )<br>)<br>) No. 12 C 7234 |
| Defendants, | ) Judge Blakey |
| and | ) |
| THE UNITED STATES OF AMERICA, | ) |
| Crossclaim / Third-Party Plaintiff, | ) |
| v. | ) |
| NORWEGIAN AMERICAN HOSPITAL, INC., an Illinois Corporation; and NICOLE SZEWCZAK | )<br>)<br>) |
| Third-Party Defendants. | ) |

## UNITED STATES' MOTION TO ENTER JUDGMENT

Defendant United States of America, by its attorney, Zachary T. Fardon, United States Attorney for the Northern District of Illinois, moves the court to enter judgment on its contribution claim against third-party defendants Norwegian American Hospital, Inc. ("Norwegian") and Nicole Szewczak.

1. The United States brought a contribution action against third-party defendants Norwegian and Szewczak, alleging that if liability was entered against the United States, then it is entitled to contribution from Norwegian and Szewczak in an amount commensurate with their relative culpability. United States' Amended Answer and Third-Party Complaint (Dkt. 101) at 15-16.

2. The court subsequently entered a judgment in favor of Beverly and against the United States, awarding Beverly $6 million for the death of Lashon and $3 million for the death of Jordan. Dkt. 177.

3. After trial on the contribution claim, the jury returned a verdict in favor of the United States and against Norwegian and Szewczak. Dkt. 149-1. Specifically, for the death of Lashon Bilbro-Beverly the jury found Szewczak responsible for 10% and Norwegian responsible for an additional 25% of the damages. *Id.* For the death of Jordan Bilbro-Beverly, the jury found Szewczak responsible for 7% and Norwegian American Hospital responsible for 18% of the damages. *Id.*

4. The court entered judgment in favor of Beverly based on the jury's apportionment of damages. Dkt. 147. However, the court did not enter a corresponding judgment in favor of the United States based on its contribution action.

5. Based on the jury's verdict on the contribution claim, the United States is entitled to a judgment against Norwegian and Szewczak for their respective *pro rata* shares of liability. Beverly has informed the United States in writing that it will seek to recover its full judgment amount from the United States.

6. Therefore, the court should enter judgment on the contribution action in favor of the United States and against Norwegian and Szewczak in the amount of $2.85 million pursuant to the jury's verdict.

7. Alternatively, if the court intended its previous judgment, Dkt. 147, to constitute a judgment in favor of the United States and against Norwegian and Szewczak, the court should correct the judgment pursuant to Rule 60(a) to correct its oversight or omission and expressly set forth the judgment in favor of the United States and against Norwegian and Szewczak.

WHEREFORE, the United States requests that the court enter judgment in favor of the United States and against Norwegian and Szewczak based on the jury's verdict on the contribution claim. Alternatively, the United States requests that the court correct its previous judgment to expressly set forth the judgment in favor of the United States and against Norwegian and Szewczak.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Douglas G. Snodgrass
    DOUGLAS G. SNODGRASS
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-2065
    douglas.snodgrass@usdoj.gov